**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ZOHAR CDO 2003-1, LIMITED, a Cayman Island exempted company, ZOHAR II 2005-1 LIMITED, a Cayman Islands exempted company, and ZOHAR III, LIMITED, a Cayman Island exempted company, <br><br>    *Plaintiffs*, <br> v. <br>CROSCILL HOME LLC, f/k/a CROSCILL ACQUISITION, LLC, a Delaware limited liability company, <br>DENALI ACQUISITION LLC, a Delaware limited liability company, <br>DURA BUYER, LLC, a Delaware limited liability company, <br>GLOBAL AUTOMOTIVE SYSTEMS, LLC, a Delaware limited liability company, <br>GORHAM PAPER AND TISSUE, LLC, a Delaware limited liability company, <br>IMG HOLDINGS, INC., a Delaware corporation, <br>JEWEL OF JANE LLC, a Delaware limited liability company, <br>LVD ACQUISITION, LLC, a Delaware limited liability company d/b/a OASIS INTERNATIONAL, <br>RM ACQUISITION, LLC, a Delaware limited liability company, <br>SNELLING HOLDINGS, LLC, a Delaware limited liability company, <br>STILA STYLES, LLC, a Delaware limited liability company, and <br>LYNN TILTON, <br>    *Defendants*. | Case No. _____ <br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants Lynn Tilton ("Ms. Tilton"), Croscill Home LLC, Denali Acquisition LLC, Dura Buyer, LLC, Global Automotive Systems, LLC, Gorham Paper and Tissue, LLC, IMG Holdings, Inc. ("IMG"), Jewel of Jane LLC, LVD Acquisition, LLC, RM Acquisition, LLC, Snelling Holdings, LLC, and Stila Styles, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the civil action *Zohar CDO 2003-1, Limited, et al. v. Croscill Home LLC, et al.*, C.A. No. 2017-0816-JRS, filed on November 14, 2017, in the Court of Chancery of the State of Delaware (the "Removed Action"), to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1331 and 1441.  Copies of the process, pleadings, and orders served on Defendants in the Removed Action, including copies of both the original complaint in the Removed Action and the amended complaint, filed on November 29, 2017 (the latter referred to herein as the "Complaint"), are attached as Exhibit A.

## PROCEDURAL BACKGROUND

**A.    Zohar I Auction Case.**

1.     On September 12, 2016, Patriarch Partners XV, LLC, and Octaluna LLC (the "Auction Plaintiffs") filed an action against U.S. Bank, N.A. (the "Trustee"), and MBIA Insurance Corporation ("MBIA"; together with the Trustee, the "Auction Defendants") in the Supreme Court of the State of New York (the "Auction Case"), asserting claims relating to the Auction Defendants' improper attempt to sell certain collateral (the "Zohar I Auction") which purportedly backed certain defaulted debt owned by Zohar CDO 2003-1, Limited ("Zohar I"), Zohar II 2005-1 Limited ("Zohar II"), and Zohar III, Limited ("Zohar III"; together with Zohar I and Zohar II, the "Zohar Funds" or "Funds").  A copy of the original summons and complaint in the Auction Case is attached as Exhibit B.

2. The Auction Plaintiffs asserted in the Auction Case, *inter alia*, that the Auction Defendants improperly attempted to sell equity interests ultimately owned by Ms. Tilton, not the Zohar Funds. In particular, an August 26, 2016 Notice of Public Sale and Invitation to Bid issued by the Trustee listed collateral purportedly being sold through the Zohar I Auction ("Auction Collateral"), including 757 shares of Common Stock of Defendant IMG (the "IMG Auction Shares"). A copy of the Notice of Public Sale and Invitation to Bid is attached as Exhibit C.

3. On September 13, 2016, Defendant U.S. Bank removed the Auction Case to the Southern District of New York based on the Edge Act, 12 U.S.C. §§ 611-631, "because it involve[d] a party organized under the laws the United States and arises out of 'international or foreign banking' as required by 12 U.S.C. § 632 . . . ." Exhibit D (Notice of Removal) ¶ 6, a copy of which is attached. The Auction Case was captioned *Patriarch Partners XV, LLC, et al., v. U.S. Bank, N.A., et al.*[1]

4. Judge Sidney H. Stein of the Southern District of New York accepted jurisdiction over the Auction Case and granted a temporary restraining order enjoining the auction. The Auction Case was assigned S.D.N.Y. case number 1:16-cv-07128.

---

[1] Specifically, U.S. Bank removed the Auction Case on the basis of the Edge Act because U.S. Bank, a party to the Auction Case, is a national banking association organized under the laws of the United States, and because the auction proceeding arose in part out of "international or foreign banking" transactions or operations in which U.S. Bank was involved. *See* Exhibit D ¶¶ 6-8. As U.S. Bank stated in its Notice of Removal, the action arose out of U.S. Bank's "contractual duties as a service provider to [Zohar I], an exempted company with limited liability incorporated under the laws of the Cayman Islands." *Id*. ¶ 9. Under the Zohar I Indenture, U.S. Bank as Trustee "arranged for a public auction of [Zohar I's] assets," and the action brought by Ms. Tilton—through Patriarch XV and Octaluna I—challenging the validity of the auction involved "a dispute relating to the Trustee's disposition of these [] assets," and thus "ar[o]se[] out of U.S. Bank's execution of Trust services on behalf of foreign issuers, which is an international banking activity." *Id*.

5. The Auction Case was then transferred to Judge Jed S. Rakoff of the Southern District of New York. Judge Rakoff, like Judge Stein, accepted jurisdiction over the case. On October 18, 2016, Judge Rakoff held a hearing on the Auction Plaintiffs' application for a preliminary injunction, after which he permitted the auction to proceed, but only with significantly revised terms consistent with many—but not all—of the changes sought by the Auction Plaintiffs.

6. On October 24, December 2, and December 8, 2016, the Trustee issued revised notices of public sale and invitations to bid, each of which listed the collateral purportedly being sold through the Zohar I Auction, including the IMG Auction Shares. Copies of the revised notices of public sale and invitations to bid are attached as Exhibit E, F & G.

7. On December 21, 2016, the Trustee conducted the Zohar I Auction, and MBIA purported to purchase the Auction Collateral, including the IMG Auction Shares, through a credit bid. MBIA claims to now own the equity interests included in the Auction Collateral, including the IMG Auction Shares.

8. On December 27, 2016, the Auction Plaintiffs sought leave to amend their complaint in the Auction Case, including to add claims for money damages resulting from the completed auction (the "Auction Damages and Ownership Claims"). A true and correct copy of the Auction Plaintiffs' letter-motion seeking leave to amend is attached as Exhibit H. On December 30, 2016, Judge Rakoff denied the Auction Plaintiffs' motion for leave to amend their complaint, noting that the Auction Plaintiffs' "proposal to now seek damages in addition to injunctive relief . . . would alter the entire case in ways that would materially increase discovery and substantially derail its expeditious conclusion." A true and correct copy of Judge Rakoff's order denying leave to amend is attached as Exhibit I.

9.      On January 20, 2017, Judge Rakoff "so ordered" the parties' Stipulation and [Proposed] Order dismissing the Auction Case as "moot" in light of the completed auction. A true and correct copy of the so-ordered Stipulation and [Proposed] Order is attached hereto as Exhibit J. This dismissal "pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure," *id.*, was "without prejudice" to the Auction Plaintiffs' right to assert the Auction Damages and Ownership Claims in a separate action, F.R.C.P. 41(a)(1)(B).

**B.     RICO Case.**

10.     On January 16, 2017, Zohar I, Zohar II, and Zohar III filed an action against Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, LLC; Ark Investment Partners II, L.P.; and Lynn Tilton in the Southern District of New York (the "RICO Action"), asserting, *inter alia*, violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO") and various state law torts. The RICO Action also seeks a declaration that certain LLC agreement amendments and irrevocable proxies executed by Ms. Tilton are invalid, and that the Funds, and not Ms. Tilton, own certain equity interests. A true and correct copy of the complaint in the RICO Action is attached as Exhibit K.

11.     Among the equity at issue in the RICO Action are the IMG Auction Shares, *see* Exhibit K ¶ 44, and among the irrevocable proxies the Funds seek to have declared invalid in the RICO Action are irrevocable proxies executed for IMG, *id*. ¶ 74 & n.10 (referencing IMG's wholly owned subsidiary, Inter-Marketing Group, Inc.). The RICO Action, currently pending in the Southern District of New York, is captioned *Zohar CDO 2003-1, Ltd., et al. v. Patriarch Partners, LLC, et al.* The RICO Action was assigned S.D.N.Y. case number 1:17-cv-307-WHP.

12.     On November 22, 2017, Ms. Tilton and the other defendants in the RICO Action filed an answer and counterclaims against the Funds and third-party claims, including the Auction Damages and Ownership Claims, against various parties, including MBIA and U.S. Bank, seeking, *inter alia*, the rescission of any purported transfer of the IMG Auction Shares through the Zohar I Auction; damages resulting from any improper and illegal purported transfer of equity, including the IMG Auction Shares; and a declaration that Ms. Tilton, not Zohar I or MBIA, is the ultimate and beneficial owner of the portfolio company equity at issue, including the IMG Auction Shares.  A true and correct copy of the Answer, Counterclaims, and Third-Party Complaint in the RICO Action is attached as Exhibit L.

13.     The federal courts have original jurisdiction over all counterclaims and third-party claims asserted by Ms. Tilton and the other defendants in the RICO Action, including the Auction Damages and Ownership Claims relating to the IMG Auction Shares, pursuant 28 U.S.C. § 1331 and 12 U.S.C. § 632.  In particular, the counterclaims and third-party claims, including the Auction Damages and Ownership Claims—which are asserted in a civil suit at common law or equity—arise in part out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations (specifically, international or foreign transactions or operations relating to the Zohar I Auction), and U.S. Bank, a party to the RICO Action (specifically, a third-party defendant), is a corporation organized under the laws of the United States.  *See* Exhibit L at pp. 94-95, 133-139 (¶¶ 24-25, 143-160); *see also id*., Counts IV-XII,

XIV, XVIII-XXII & Prayer for Relief (asserting claims and seeking relief arising out of Zohar I Auction); *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780 (2d Cir. 2013).[2]

### C. The Removed Action.

14. On November 14, 2017, the Zohar Funds filed the Removed Action in the Delaware Court of Chancery against Ms. Tilton, IMG, Croscill Home LLC, Denali Acquisition LLC, Dura Buyer, LLC, Global Automotive Systems, LLC, Gorham Paper and Tissue, LLC, Jewel of Jane LLC, LVD Acquisition, LLC, RM Acquisition, LLC, Snelling Holdings, LLC, and Stila Styles, LLC, asserting claims under 6 *Del. C*. § 18-111 and 8 *Del C*. § 225. The Removed Action seeks a declaration that one irrevocable proxy and ten LLC agreement amendments are invalid—the same relief regarding the same eleven companies sought in the RICO Action.

15. With respect to IMG specifically, the Complaint pleads that "Plaintiffs Zohar Funds own all of the outstanding common stock of IMG," Complaint ¶ 330; *see also id*. ¶ 1, and seeks a declaration that the Funds properly "removed IMG's sole director under 8 *Del. C*. § 225,

---

[2] More specifically, the Auction Damages and Ownership Claims, including those relating to the IMG Auction Shares, arise in part out of U.S. Bank's contractual duties as a service provider to Zohar I, an exempted company with limited liability incorporated under the laws of the Cayman Islands. Zohar I purports to own or have owned a portion of the assets (portfolio company equity) that form the basis of the Auction Damages and Ownership Claims, and those assets were purportedly pledged by Zohar I to U.S. Bank in its capacity as Trustee, and purportedly auctioned by U.S. Bank as Trustee pursuant to the Zohar I Indenture. Ms. Tilton's counterclaims and third-party claims in the RICO Action involve a dispute relating to the Trustee's disposition of those assets, and she seeks damages from U.S. Bank and others resulting from the conduct of the Zohar I Auction, as well as other relief, including rescission of the auction. Thus, the RICO Action, including the Auction Damages and Ownership Claims relating to the IMG Auction Shares, arises in part out of U.S. Bank's execution of trust services on behalf of foreign issuers, which is an international banking activity. *See* Exhibit L at pp. 94-95 (¶¶ 24-25); *In re Lloyd's Am. Tr. Fund Litig.*, 928 F. Supp. 333, 339 (S.D.N.Y. 1996) ("Trust services constitute a banking activity under federal law."); *see also id*. at 338 (a suit "satisfies the jurisdictional prerequisites of [the Edge Act] if any part of it arises out of transactions involving international or foreign banking") (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980)).

by vote of 'the holders of a majority of the shares then entitled to vote at an election of directors,'" Complaint ¶ 333.

16.     As noted, copies of the process, pleadings, and orders served on Ms. Tilton in the Removed Action, including a copy of the Complaint, are attached as Exhibit A.  As of this date, no further pleadings have been filed or served in the Removed Action and no further proceedings have been conducted in the Removed Action.

## GROUNDS FOR REMOVAL

17.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

18.     This Court has original jurisdiction over the Removed Action pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"—that is, whenever an action presents a "federal question."

19.     The Removed Action arises under the laws of the United States and presents a federal question.  In particular, the filing of the Removed Action in Delaware state court was an attempt by the Funds to artfully escape federal jurisdiction by seeking a defensive declaratory judgment in anticipation of Ms. Tilton's affirmative federal claims under the Edge Act concerning the damages Ms. Tilton and her affiliated entities suffered at the hands of Zohar I, U.S. Bank, and MBIA resulting from the improper and illegal purported transfer of the IMG Auction Shares (as well as significant additional equity in other portfolio companies) to MBIA through the Zohar I Auction and related claims.  Indeed, Ms. Tilton, through her affiliates, attempted to amend her complaint in the Auction Case to assert these Auction Damages and

Ownership Claims, and after the court declined to allow her to do so in that action and the Auction Case was dismissed as moot, the Funds were well aware that Ms. Tilton planned to re-assert these Auction Damages and Ownership Claims in a new action or at the appropriate time as counterclaims and third-party claims in the RICO Action.  And only a week after the filing of the Removed Action, Ms. Tilton and affiliates did just that, filing counterclaims and third-party claims against the Funds, U.S. Bank, MBIA, and others under the Edge Act, including with respect to the IMG Auction Shares, that included the Auction Damages and Ownership Claims.

20. A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief [under state law] necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).  In evaluating original federal question jurisdiction in the declaratory judgment context, however, "it is the character of the threatened action" that the declaratory judgment seeks to anticipate, rather than the allegations of the complaint for declaratory relief, "which will determine whether there is federal-question jurisdiction in the District Court." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952). The U.S. Supreme Court recently ratified this approach in *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014), in which the Court reaffirmed that a federal court's original jurisdiction in the declaratory judgment context is determined based on the "nature of the threatened action" that the declaratory defendant "might have brought."[3]

---

[3] While the Third Circuit in an older case limited *Wycoff*'s approach to determining federal jurisdiction over declaratory judgment claims to cases in which the declaratory judgment claim was originally brought in federal court, rather than state court, *see La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 342 (3d Cir. 1974), that decision has been implicitly overruled by subsequent decisions of the U.S. Supreme Court and is no longer good law.  In particular, *La Chemise Lacoste* pre-dates *Franchise Tax Board*, in which the Supreme Court, reviewing
*(Cont'd on next page)*

21. Where the action threatened by the declaratory judgment defendant—here, Ms. Tilton—involves the assertion of claims over which the federal courts would have original jurisdiction, the federal court has original jurisdiction over the declaratory judgment action as well. *See, e.g., Great Clips, Inc. v. Hair Cuttery of Greater Boston, L.L.C.*, 591 F.3d 32, 35 (1st Cir. 2010) ("A fair interpretation of Hair Cuttery's threats include the likely assertion of federal rights . . . [,] and this suffices to establish federal-question jurisdiction" over the declaratory judgment action filed by the recipient of those threats.). In other words, so long as the federal courts "would have jurisdiction over [the declaratory defendant's] hypothetical coercive suit," they "have jurisdiction over th[e] declaratory judgment action as well." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc.*, 697 F.3d 59, 71 (2d Cir. 2012); *see also* 15 James Wm. Moore, Moore's Federal Practice § 103.44[1], at 103-67 (3d ed. 1998) ("The nature of the potential coercive action that the defendant might bring against the declaratory judgment plaintiff must be analyzed. The court will ask whether in this hypothetical suit, a federal question would be presented."); *Williams v. Connolly*, 2017 WL 5479508, at *10 (D.N.J. Nov.

---

*(Cont'd from previous page)*

> the removal of a declaratory judgment action from state court, made clear that the jurisdictional analysis should be the same whether a declaratory judgment action is brought in federal or state court. *See Franchise Tax Bd.*, 463 U.S. at 19 ("The question, then, is whether a federal district court could take jurisdiction of appellant's declaratory judgment claim had it been brought under 28 U.S.C. § 2201 [*i.e.*, the federal declaratory statute]."); *see also City of Pittsburgh v. UPMC*, 2013 WL 4010990, at *4 n.1 (W.D. Pa. Aug. 6, 2013) ("Since this court is bound by the subsequent decision of the Supreme Court in *Franchise Tax Board*, the court concludes that, although *Lacoste* has never been explicitly overruled, the holding in *Franchise Tax Board* implicitly calls its holding into question."). In that context, *Franchise Tax Board* noted approvingly that "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd.*, 463 U.S. at 19. And the Supreme Court's recent discussion, in *Medtronic*, of the proper jurisdictional analysis for declaratory judgment claims, quoted above, follows *Wycoff* and *Franchise Tax Board* without making any distinction between claims originally brought in federal versus state court.

15, 2017) (explaining that courts evaluating federal jurisdiction over a declaratory judgment action should "look at whether there is an underlying 'coercive action' [available to the declaratory judgment defendant] that Congress authorized the federal courts to hear") (citing *Medtronic*, 134 S. Ct. at 848).

22. The exercise of federal jurisdiction is particularly appropriate where, as here, the declaratory relief sought "is essentially a defense" to the declaratory judgment defendant's federal claims, *NSI Int'l, Inc. v. Mustafa*, 2009 WL 2601299, at *5 (E.D.N.Y. Aug. 20, 2009), and where the claims in the state court action were "artful[ly] plead[ed]" to avoid disclosing their true nature, in an attempt to "prevent the[] action from being consolidated for pretrial proceedings with other cases [pending in federal court] arising out of the same facts and allegations," *In re NASDAQ Market-Makers Antitrust Litig.*, 929 F. Supp. 174, 179-80 (S.D.N.Y. 1996) (citation and quotation marks omitted).

23. As discussed above, the claims Ms. Tilton and her affiliates could have brought, threatened to bring, and sought to bring prior to the filing of the Removed Action included claims over which the federal courts would have original jurisdiction under the Edge Act. *See supra* ¶ 13 & n.2. After the Auction Plaintiffs' motion for leave to amend was denied, and the case was dismissed without prejudice to the Auction Plaintiffs' right to assert the Auction Damages and Ownership Claims in a separate action, *see supra* ¶¶ 8-9, Plaintiffs here were well aware that Ms. Tilton intended to file affirmative, coercive claims relating to the conduct of the Zohar I Auction.

24. The declaratory judgment requested by the Funds in the Removed Action—particularly with respect to IMG—anticipates, and essentially attempts to preempt, the claims Ms. Tilton attempted to bring in the Auction Case, threatened and reserved the right to assert in a

separate action, and in fact recently brought as counterclaims and third-party claims in the RICO Action. *See* Exhibits H & J; *see also* Exhibit L at pp. 133-139 (¶¶ 143-160), Counts IV-XII, XIV, XVIII-XXII & Prayer for Relief (asserting claims and seeking relief arising out of Zohar I Auction). Specifically, the Zohar Funds' filing of the Removed Action was an attempt to preempt Ms. Tilton's filing of the Auction Damages and Ownership Claims—including those relating to the ownership of the IMG Auction Shares—over which the federal courts have original jurisdiction under the Edge Act. *See supra* ¶ 13 & n.2; *see also* Exhibit L at pp. 94-95 (¶¶ 24-25). The Removed Action is therefore an attempt by the Funds to have Ms. Tilton's affirmative federal claims decided through a state court declaratory judgment action.

25. The Funds asserted a declaratory judgment cause of action in the Removed Action seeking "a declaration . . . that the IMG irrevocable proxies are invalid, void, and of no force or effect," Complaint ¶ 333, and that the Funds validly "removed IMG's sole director under 8 D*el. C.* 225, by vote of 'the holders of a majority of the shares then entitled to vote at an election of directors,'" *id.*; *see also id.* ¶ 335(K). These claims raise and seek to resolve in the Funds' favor Ms. Tilton's claims against the Auction Defendants premised upon the proposition that Ms. Tilton, and not the Funds or MBIA, owns the disputed shares, including the IMG Auction Shares, and that the Funds, MBIA, and U.S. Bank improperly purported to transfer those shares from Zohar I to MBIA through the auction process. Accordingly, the Court has original jurisdiction over the Removed Action.

26. Alternatively, and independently, the Funds' declaratory judgment claim regarding IMG necessarily raises a federal Edge Act issue, which is actually disputed and substantial, and which this Court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Broder v. Cablevision Sys. Corp.*, 418

F.3d 187, 194 (2d Cir. 2005). Indeed, in their complaint, the Funds artfully avoid explicit reference to the Auction Case, but reference the resulting auction in alleging that "Zohar I's assets were subsequently sold by the Zohar I Trustee at auction to MBIA as the highest bidder." Complaint ¶ 43.

27. Accordingly, this Court has original federal question jurisdiction over the Removed Action in its entirety,[4] and the Removed Action may be, and hereby is, removed.

## COMPLIANCE WITH REMOVAL PROCEDURES

28. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Delaware is the proper place to file this Notice of Removal because it is the district court for the federal district embracing the place where the Removed Action was filed and is pending.

29. As required by 28 U.S.C. § 1446(a), copies of all of the process, pleadings, and orders served on Ms. Tilton in the Removed Action are attached to this Notice of Removal as Exhibit A.

30. All Defendants have consented to removal pursuant to 28 U.S.C. § 1446(b)(2).

31. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days after November 14, 2017, the day Ms. Tilton (through her attorneys) received a copy of the initial pleading setting forth the claims for relief upon which the Removed Action is based. A true and correct copy of Plaintiffs' counsel's email transmitting the initial pleadings in this case to Defendants' counsel is attached as Exhibit M.

---

[4] Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Zohar Funds' claims regarding the portfolio companies other than IMG (the "Other Claims") in the Removed Action. The Other Claims arise out of the same operative facts as the Funds' claim against Ms. Tilton relating to IMG and "form part of the same case or controversy under Article III of the United States Constitution." *Id*. The claims were brought by the Funds as part of the same action in state court. Removal of the entire case is therefore appropriate under 28 U.S.C. § 1441.

32. In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal in this Court, Ms. Tilton will (i) give written notice thereof to the Zohar Funds; and (ii) file a copy of this Notice of Removal with the Register in Chancery, effectuating the removal. Ms. Tilton will promptly file proof of the foregoing with this Court.

33. By filing this Notice of Removal, Ms. Tilton does not waive any claim, argument, or defense which may be available to her or concede that the Funds have pleaded any claim upon which relief may be granted.

34. Ms. Tilton reserves the right to amend or supplement this Notice as may be appropriate.

## CONCLUSION

35. For the foregoing reasons, the Removed Action is hereby removed to the United States District Court for the District of Delaware. Ms. Tilton respectfully requests that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated: December 14, 2017

| | |
|---|---|
| OF COUNSEL | */s/ Kevin G. Abrams*<br>Kevin G. Abrams (#2375)<br>J. Peter Shindel, Jr. (#5825) |
| Randy M. Mastro<br>Monica Loseman<br>Mary Beth Maloney<br>*Pro hac vice* applications forthcoming<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-3909 | April M. Kirby (#6152)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Rd., Ste. 200<br>Wilmington, DE 19807<br>(302) 778-1000 |
| *Attorneys for Defendant Lynn Tilton* | *Attorneys for Defendants Lynn Tilton, Croscill Home LLC, Denali Acquisition LLC, Dura Buyer, LLC, Global Automotive Systems, LLC, Gorham Paper and Tissue, LLC, IMG Holdings, Inc., Jewel of Jane LLC, LVD Acquisition, LLC, RM Acquisition, LLC, Snelling Holdings, LLC, and Stila Styles, LLC* |

Edward J. Bennett
Ava V. Baker
*Pro hac vice* applications forthcoming
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000

*Attorneys for Defendants Croscill Home LLC, Denali Acquisition LLC, Dura Buyer, LLC, Global Automotive Systems, LLC, Gorham Paper and Tissue, LLC, IMG Holdings, Inc., Jewel of Jane LLC, LVD Acquisition, LLC, RM Acquisition, LLC, Snelling Holdings, LLC, and Stila Styles, LLC*